UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
---------------------------------X
JASON FINCH,

        Plaintiff,

   -against-

GREGORY CEBALLO-OLAZO, a/k/a
GREGORY CEBALLOOLAZO, a/k/a
GREGORY CEBALLO,

        Defendant.
---------------------------------X

**COMPLAINT**

9:25-cv-282  DNH/DJS

Plaintiff Demands a
Trial by Jury

      Plaintiff, by his attorneys Sivin, Miller & Roche LLP, complaining of Defendant, alleges as follows, upon information and belief:

## THE PARTIES AND JURISDICTION

    1.  That at all times herein mentioned, Plaintiff was and is a citizen of the State of New York.

    2.  That at all times herein mentioned, Plaintiff was an incarcerated individual (I/I) in the care, custody, and control of the New York State Department of Corrections and Community Supervision (DOCCS).

    3. That at all times herein mentioned, Plaintiff was housed at Washington Correctional Facility (WCF), in Comstock, NY.

    4.  That at all times herein mentioned, Defendant was a correction officer employed by DOCCS at WCF.

    5.  That at all times herein mentioned, Defendant was acting within the course and scope of his employment as a DOCCS correction officer.

    6.  That at all times herein mentioned, Defendant was acting under color of state law.

7.  That this Court has jurisdiction over this action in that the action arises under 42 USC § 1983 and alleges violations of plaintiff's civil rights, including rights guaranteed under the Eighth Amendment to the United States Constitution.

8. That venue is proper in the Northern District of New York, which is where the events underlying this lawsuit occurred.

## THE FACTS

9.  Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

10.  That at all times herein mentioned, Plaintiff was housed in the A-2 Dorm of WCF.

11.  That at all times herein mentioned, Defendant was working in the A-2 Dorm of WCF, and as such, was charged with the care, custody, control, and protection of individuals incarcerated therein.

12.  That on or about March 13, 2022, in the A-2 Dorm, Plaintiff was brutally attacked, assaulted, and battered by other incarcerated individuals.

13.  That the March 13, 2022 attack on Plaintiff was orchestrated and instigated by Defendant.

13A.  That alternatively, Defendant did not actually orchestrate or instigate the attack on Plaintiff, but nevertheless knew or had reason to know that other incarcerated individuals were preparing an imminent attack on Plaintiff, and deliberately failed and refused to take any steps to prevent the attack.

14. That Defendant observed the attack on Plaintiff by the other incarcerated individuals, and had multiple opportunities to intervene to stop the attack.

15. That despite having multiple opportunities to intervene to stop the attack on Plaintiff, Defendant deliberately failed and refused to do so.

16. That as a result of Defendant's malfeasance, and the attack on Plaintiff, Plaintiff sustained multiple and severe personal injuries, including but not limited to facial fractures and a severe laceration to the arm.

17. That following the attack, and in an effort to cover up his own malfeasance in causing the attack and/or deliberately failing to prevent the attack and/or deliberately failing to intervene to stop the attack, Defendant directed Plaintiff to dispose of his clothes that had been bloodied in the attack, shower and return to and remain in his cube, not to seek medical attention for his injuries, and not to otherwise report the attack to other staff at WCF.

18. That in compliance with Defendant's order, Plaintiff forewent necessary medical treatment for the multiple injuries he sustained in the attack, causing a delay in necessary medical treatment.

19. That as a result of the delay in medical treatment, Plaintiff's injuries worsened.

20. That Defendant's actions constituted a deliberate indifference to a serious risk of harm to Plaintiff and to Plaintiff's safety, and a deliberate indifference to serious medical needs of Plaintiff.

21. That Defendant's actions were sadistic and malicious, and undertaken not in a good-faith effort to maintain or restore discipline, but instead for the very purpose of causing pain to Plaintiff.

22. That as a result of the aforementioned actions by Defendant, Plaintiff sustained multiple injuries, suffered significant emotional and physical pain and suffering, and suffered a loss of enjoyment of life.

### FIRST CAUSE OF ACTION
### (42 USC § 1983: Eighth Amendment)

23. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

24. That the aforementioned acts by Defendant were in violation of the rights guaranteed to plaintiff under the Eighth Amendment to the US Constitution to be free from cruel and unusual punishment.

25. That as a result thereof, Plaintiff is entitled to recover damages from Defendant pursuant to 42 USC § 1983.

WHEREFORE, Plaintiff seeks judgment against Defendant for compensatory damages and punitive damages in amounts to be determined by the trier of fact, and Plaintiff also seeks attorney's fees against Defendant pursuant to 42 USC § 1988, and Plaintiff seeks interest, costs, and disbursements of this action.

Dated:  New York, New York
         March 4, 2025

                                    Yours, etc.
                                    Sivin, Miller & Roche LLP

                                    By s/ *David Roche*
                                    David Roche
                                    Attorneys for Plaintiff
                                    20 Vesey St., Suite 1400
                                    New York, NY  10007
                                    (212) 349-0300